UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAMON CARMONA and MIRIAM FRANCO *as Parents and Natural Guardians of K.C.*,<br><br>                       Plaintiffs,<br><br>              -v.-<br><br>RICHARD CARRANZA, *in his official capacity as Chancellor of New York City Department of Education*, and NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                       Defendants. | 19 Civ. 11937 (KPF)<br><br>ORDER |

KATHERINE POLK FAILLA, District Judge:

      The Court is in receipt of Defendants' January 8, 2020 letter motion seeking a stay of this case pending (i) the Court's ruling in the related case of *Franco* v. *New York City Department of Education*, No. 19 Civ. 2925 (KPF) ("*Franco I*"), or (ii) guidance from the United States Court of Appeals for the Second Circuit through resolution of the appeals of several decisions issued by sister courts that implicate similar legal issues. (Dkt. #9). The Court is also in receipt of Plaintiffs' January 9, 2020 letter in opposition. (Dkt. #10). For the reasons stated below, Defendants' motion to stay is DENIED. In order to afford the parties additional time to present their strongest arguments to the Court, however, the briefing schedule concerning the pending motion for a preliminary injunction and temporary restraining order is hereby modified as follows: Defendants shall file their opposition papers on or before January 21, 2020, and Plaintiffs shall file their reply papers on or before January 28, 2020.

After considering (i) whether Defendants have made a strong showing that they are likely to succeed on the merits, (ii) whether Defendants will be irreparably injured absent a stay, (iii) whether issuance of a stay will substantially injure Plaintiffs, and (iv) where the public interest lies, the Court concludes that a stay of this proceeding is not warranted. *See generally Nken v. Holder*, 556 U.S. 418 (2009). The Court notes that the issues at play in this matter do overlap with the issues in *Franco I*; they both involve Plaintiffs' attempts to be granted pendency for K.C. at the International Institute for the Brain ("iBrain"). The matters differ in important respects, however. *Franco I* relates to Plaintiffs' attempts to be granted pendency for K.C. at iBrain for the 2018-2019 school year, after an Impartial Hearing Officer ("IHO") determined that pendency was not appropriate. This matter centers around the 2019-2020 school year, but even more crucially, involves a decision by a different IHO ordering that Plaintiffs would have pendency for K.C. at iBrain for that school year. Put differently, in this proceeding, Plaintiffs seek to enforce an already existing pendency order, whereas in *Franco I*, Plaintiff seeks the entry of a pendency order for the first time, and over a contrary decision by an IHO. Though the Court does not at this time opine on the merits of the claims brought either in *Franco I* or in this matter, there exists a possibility that Plaintiffs could be denied relief in the prior matter but granted the relief sought in this matter. For this reason, a stay of this proceeding pending a decision in *Franco I* is not warranted.

Further, the Court concludes the pending appeals identified in Defendants' motion to stay do not warrant a stay of this proceeding. If pendency placement at iBrain is appropriate, or even required in light of the IHO's order granting pendency, Plaintiffs are entitled to an automatic preliminary injunction. *See Zvi D. by Shirley D.* v. *Ambach*, 694 F.2d 904, 906 (2d Cir. 1982). A stay pending appeal in a separate case would create a substantial delay in the adjudication of Plaintiffs' pendency placement, potentially depriving Plaintiffs of an entitlement to a preliminary injunction. Defendants' application for a stay is DENIED, though the revised briefing schedule is ordered.

SO ORDERED.

Dated: January 10, 2020
New York, New York

KATHERINE POLK FAILLA
United States District Judge